Charlie PAUL et al., Appellants,

v.

Louis LOOKOFSKY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 2, 1962.

A. Joe Asher, Benton, for appellants.

Farland Robbins, Mayfield, for appellees.

**550**

**BIRD, Judge.**

A group of white plaintiffs brought this action to enjoin the Mayfield Municipal Housing Commission and its Executive Director from developing, through the help of a federal agency, a segregated Negro housing project on newly annexed territory in Mayfield, Kentucky.

The defendants filed a motion to dismiss because of plaintiffs' failure to state a claim upon which injunctive relief could be granted. The trial court sustained the motion and dismissed the action. The plaintiffs have appealed.

After enumerating several things about which no complaint is made appellants' brief states the entire complaint as follows:

> " * * * However, it is seriously contended by appellants, white citizens and residents adjacent to the proposed Negro housing development, that the action of appellees violates the Federal Constitution and recent rulings of the Supreme Court of the United States in making the proposed housing development a segregated one. * * * "

The quotation contains the sole issue.

The complaint fails to point out any particular constitutional violation but appellants' brief does charge that "segregation in public housing violates provisions of 14th Amendment of United States Constitution."

It is charged in the complaint that the proposed housing project is to be "a segregated Negro housing development." On this appeal we must accept the statement as true and conclude that, at this point, a segregated public housing development is contemplated.

The complaint shows that the annexation ordinance has been passed and that application has been made to a federal agency for funds with which to construct the housing units. It is not alleged that the federal agency has gone so far as to approve the application. The complaint shows that the housing project is still in the planning stage.

It is not alleged that any plaintiff or other person has asked to become a resident of the project and been refused. This would hardly happen until the project passes from the development to the operational stage.

We are unwilling to speculate on what may happen when operation of the project begins. There may or may not be a constitutional violation in its operation. We think it unwise to extend the use of injunctive processes to prohibit that which is purely speculative and may never be undertaken. See Barnes v. City of Gadsden, 5 Cir., (1959) 268 F.2d 593; Cohen v. Public Housing Administration, 5 Cir., (1958) 257 F.2d 73.

We find no real issue in the other points discussed in appellants' brief.

The judgment is affirmed.